UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHEN J. TREADWAY ) <br> AND KENNETH W. CORBA, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 04 Civ. 3464 (VM) |

NOTICE OF ENTRY OF FINAL JUDGMENT
AGAINST DEFENDANT STEPHEN J. TREADWAY

Jose F. Sanchez (JS 3340)
Adam D. Schneir (AS 9745)
Sam S. Puathasnanon (SP 4916)

Attorneys for Plaintiff
U.S. Securities and Exchange Commission
Pacific Regional Office
Randall R. Lee, Regional Director
Briane Nelson Mitchell, Associate Regional Director
5670 Wilshire Boulevard, Suite 1100
Los Angeles, California 90036
(323) 965-3998 (telephone)
(323) 965-3908 (facsimile)

**TO DEFENDANT STEPHEN J. TREADWAY AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on October 27, 2006, the Honorable Victor Marrero, United States District Judge for the Southern District of New York, issued the Final Judgment Against Defendant Stephen J. Treadway ("Final Judgment"). A copy of the Final Judgment is attached hereto as Exhibit 1.

DATED: October 30, 2006

Respectfully submitted,

/s/ Jose F. Sanchez
Jose F. Sanchez
Adam D. Schneir
Sam S. Puathasnanon

Attorneys for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Briane Nelson Mitchell, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998; Fax: (323) 965-3908

On October 30, 2006, I caused to be served the document entitled **NOTICE OF ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT STEPHEN J. TREADWAY** upon the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **PERSONAL SERVICE:** I caused to be personally delivered each such envelope by hand to the office of the addressee in the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct

Date: October 30, 2006                     /s/ Magnolia M. Marcelo
                                           MAGNOLIA M. MARCELO

2

<u>**SEC v. STEPHEN J. TREADWAY, et al.**</u>
**United States District Court - Southern District of New York**
**Case No. 04 CV 3464 (VM)**
**(LA-2796)**

<u>SERVICE LIST</u>

Alan Levine, Esq. **(served by electronic and U.S. mail)**
Maxine Sleeper, Esq.
Cooley Godward Kronish LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036-7798
Facsimile: (212) 479-6275
Email: alevine@cooley.com
Email: msleeper@cooley.com
***Attorneys for Defendant Stephen J. Treadway***

# EXHIBIT 1

MARRERO, J.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 04 Civ. 3464 (VM) |
| v. ) | |
| ) | |
| STEPHEN J. TREADWAY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## FINAL JUDGMENT
## AGAINST DEFENDANT STEPHEN J. TREADWAY

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-27-06
```

Jose F. Sanchez
Adam D. Schneir
Sam S. Puathasnanon

Attorneys for Plaintiff
U.S. Securities and Exchange Commission
Pacific Regional Office
Randall R. Lee, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, Suite 1100
Los Angeles, California 90036
(323) 965-3998 (telephone)
(323) 965-3908 (facsimile)

Exhibit ___1___ Page___1___

## FINAL JUDGMENT AS TO DEFENDANT STEPHEN J. TREADWAY

The Securities and Exchange Commission ("Commission") having filed and served upon Stephen J. Treadway ("Treadway" or "Defendant") a Summons and Complaint ("Complaint"); the jury having entered its verdict against Treadway on June 30, 2006, on all claims submitted to it; and Defendant Treadway having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to the entry of this Final Judgment Against Stephen J. Treadway ("Final Judgment"); and waived any right to appeal from this Final Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Treadway and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of the securities of any issuer, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    a.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    b.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77q(a)(2) and 77q(a)(3).

### II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway and his agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal

1

Exhibit ___1___ Page ___2___

service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    a.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    b.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rules 10b-5(b) and 10b-5(c) promulgated thereunder, 17 C.F.R. §§ 240.10b-5(b) & 240.10b-5(c).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway and his agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, by use of the mails or means or instrumentalities of interstate commerce engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients in violation of Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §80b-6(2).

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway and his agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly:

Exhibit ___1___ Page___3___

a. making untrue statements of a material fact in a registration statement, application, report, account, record, or other document filed or transmitted pursuant to the Investment Company Act, the keeping of which is required pursuant to Section 31(a), 15 U.S.C. 80a-30(a); or

b. omitting to state in such documents facts necessary in order to prevent the statements made therein, in the light of the circumstances under which they were made, from being materially misleading;

in violation of Section 34(b) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-33(b).

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway and his agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, are permanently restrained and enjoined from, directly or indirectly, breaching Treadway's fiduciary duty involving personal misconduct, within meaning of Section 36(a) of the Investment Company Act, 15 U.S.C. § 80a-35(a), in respect of any registered investment company for which Treadway serves or acts:

a. as officer, director, member of any advisory board, investment adviser, or depositor; or

b. as principal underwriter, if such registered company is an open-end company, unit investment trust, or face-amount certificate company;

as set forth in Section 36(a) of the Investment Company Act, 15 U.S.C. § 80a-35(a).

### VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 36(a) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(a), Treadway is enjoined for one year from the date of entry of this Final Judgment from serving or acting with respect to any registered investment company:

a. as officer, director, member of any advisory board, investment adviser, or depositor; or

b. as principal underwriter, if such registered company is an open-end company, unit investment trust, or face-amount certificate company.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway shall pay disgorgement in the amount of $261,215 plus prejudgment interest thereon in the amount of $49,304.32, for a total of $310,519.32. Treadway shall make this payment on or before January 2, 2007, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Treadway shall pay post-judgment interest on any amount paid more than ten (10) days after the date of entry of this Final Judgment up until the date of actual payment. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Treadway as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. By making this payment, Treadway relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Treadway. Treadway shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway shall pay a civil penalty in the amount of $261,215 pursuant to pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e)(1), and Section 42(e) of the Investment Company Act, 15 U.S.C. § 80a-41(e). Treadway shall make this payment on or before January 2, 2007, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Treadway shall pay post-judgment interest on any amount

4

Exhibit __1__ Page __5__

paid more than ten (10) days after the date of entry of this Final Judgment up until the date of actual payment. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Treadway as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. By making this payment, Treadway relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Treadway. Treadway shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Treadway's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Treadway shall comply with all the undertakings and agreements set forth therein.

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that during the pendency of this action against any defendant, Treadway shall remain subject to the discovery provisions of the Federal Rules of Civil Procedure which apply to parties, and, in addition, that Treadway shall appear, without service of a subpoena, for his deposition or to testify as a witness at any trial of this action or at any other related proceeding. Failure to comply with the foregoing will subject Treadway to the remedies and sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

DATED: 26 October 2006

UNITED STATES DISTRICT JUDGE
Victor Marrero

SO ORDERED: *The Clerk of Court is directed to close the case.*

/s/ 26-10
DATE   VICTOR MARRERO, U.S.D.J.

5   THIS DOCUMENT WAS ENTERED ON THE DOCKET ON _____

Exhibit __1__   Page __6__

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998; Fax: (323) 965-3908

On October 26, 2006, I caused to be served the document entitled [PROPOSED] FINAL JUDGMENT AGAINST DEFENDANT STEPHEN J. TREADWAY upon the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

   [ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

   [ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **PERSONAL SERVICE:** I caused to be personally delivered each such envelope by hand to the office of the addressee in the attached service list.

[ ]   **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct

Date: October 26, 2006        /s/ Magnolia M. Marcelo
                              MAGNOLIA M. MARCELO

6

Exhibit ___1___ Page ___7___

<u>SEC v. STEPHEN J. TREADWAY, et al.</u>
United States District Court - Southern District of New York
Case No. 04 CV 3464 (VM)
(LA-2796)

SERVICE LIST

Alan Levine, Esq.
Maxine Sleeper, Esq.
Cooley Godward Kronish LLP
1114 Avenue of the Americas, 46th Floor
New York, NY 10036-7798
Facsimile: (212) 479-6275
Email: alevine@cooley.com
Email: msleeper@cooley.com
*Attorneys for Defendant Stephen J. Treadway*